UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH G. JANIK, | : | |
| *Plaintiff,* | : | Case No. 1:21-cv-781 |
| vs. | : | |
| | : | Judge Jeffery P. Hopkins |
| CSX TRANSPORTATION, INC., | : | |
| *Defendant.* | : | |

**OPINION AND ORDER**

Plaintiff Joseph G. Janik's ("Janik") is a former employee of Defendant CSX Transportation, Inc.'s ("CSX"). Janik alleges that while employed by the company he reported several safety violations committed by CSX to his supervisors that eventually led to his retaliatory firing. This matter is now before the Court on CSX's Motion to Dismiss Janik's Complaint. For the following reasons, the Court **DENIES** CSX's Motion to Dismiss (Doc. 15).

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

A.      **Janik Allegedly Reports Three Safety Issues to CSX Management, and CSX Takes Adverse Actions Against Janik.**

In his Complaint, Janik refers to several incidents that occurred at CSX during his employment which he alleges resulted in his retaliatory termination. The first happened around April 12, 2018, when Janik reported to his foreman, Bradley Glass ("Glass"), that a CSX dump truck had faulty tires. *Id.* ¶ 5. According to Janik, he refused to drive the dump truck because he thought that doing so would violate safety standards and pose a hazard. *Id.* A second incident occurred around August 6, 2018, when Janik reported to Glass that CSX

did not provide proper and appropriate personal protective equipment to employees. *Id.* ¶ 6.

Approximately two days after making that report, according to Janik, as a form of retaliation,

CSX forced him and other employees to walk over a half mile from one worksite to another

location during a lightning and rainstorm. *Id.* ¶ 7. Janik also reported this safety concern to

his supervisor, Glass. *Id.*

      Janik's Complaint lists several adverse actions he claims CSX took after he reported

those and other safety violations, including the following:

- On or about August 6-8, 2018, CSX required Janik and his crew members to walk sixth tenths of a mile into a remote work site during a lightning and rainstorm without a vehicle to transport them safely;
- On August 16, 2018, CSX took Janik out of service;
- On August 20, 2018, CSX issued a charge letter against Janik accusing him of rule violations;
- On August 30, 2018, CSX conducted a disciplinary investigation against Janik; and
- On September 7, 2018, CSX terminated Janik.

*Id.* ¶ 10. According to Janik, each of the adverse actions taken by CSX listed in the Complaint

violate provisions of the Federal Railroad Safety Act ("FRSA") prohibiting employers from

retaliating against railroad employees for reporting safety concerns. *Id.*

    **B.**    **The Framework of the FRSA.**

      Relevant here, the FRSA creates a multistep administrative process to review

retaliation claims, starting with the filing of a complaint by the employee with the

Occupational Safety & Health Administration ("OSHA"). *See* 49 U.S.C. § 20109(d)(1); 29

C.F.R. § 1982.103. After OSHA investigates and issues findings and a preliminary order,

either the employee or employer may file objections to the order and request a hearing with

an administrative law judge ("ALJ"). After a hearing, the ALJ issues findings, conclusions,

and if appropriate, a remedial order. The ALJ's remedial order may be reviewed by the

Administrative Review Board ("ARB") at the request of either party. 29 C.F.R. §§ 1982.104–1982.110. If neither party petitions for review, or if the ARB declines to accept the petition, then the ALJ's decision becomes the final order of the Secretary of Labor. 29 C.F.R. § 1982.110(a), (b). The final agency order can be challenged in the federal court of appeals under the Administrative Procedure Act. *See* 49 U.S.C. § 20109(d)(4). However, Congress also created a "kick-out" right that gives railroad employees the statutory right to file a *de novo* action in federal district court if the Secretary of Labor has not issued a final decision within 210 days after the filing of the administrative complaint, absent delay due to the bad faith of the employee. *See* 49 U.S.C. § 20109(d)(3).

### C.      Janik Files a Complaint with OSHA, Followed by the Complaint *Sub Judice*.

On or about August 26, 2018, Janik filed an FRSA complaint with the Regional Administrator of OSHA complaining about the several adverse actions CSX allegedly took against him. *Id.* ¶ 11. Nearly a year later, on July 1, 2019, the ALJ issued a decision dismissing Janik's claims. *Id.* ¶ 12. Within days of the ALJ's decision, on July 9, 2019, Janik timely appealed to the ARB. *Id.* ¶ 13.

Janik's appeal lingered for nearly three years and four months—or 1,208 days—after he first filed his administrative complaint with OSHA. Doc. 1. Having grown weary of the delay, on December 16, 2021, Janik exercised his rights under the statutory "kick-out" provision by filing the instant lawsuit in this Court alleging retaliation under 49 U.S.C. § 20109(a) and (b), and 29 C.F.R. § 1982.102(b)(1). Doc. 1. At the time Janik initiated this case, the Secretary of Labor had yet to issue a final decision on Janik's administrative complaint. *Id.* ¶ 14. As noted, CSX now seeks an order from this Court dismissing Janik's

Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be awarded. *See generally* Docs. 14, 15.

## II.   STANDARD OF REVIEW

Under Fed. R. 12(b)(6) a plaintiff must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). "To survive a motion to dismiss, in other words, [the plaintiff] must make sufficient factual allegations that, taken as true, raise the likelihood of a legal claim that is more than possible, but indeed plausible." *Id.* (citations omitted).

In making that assessment, the court must similarly "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation omitted). That is true, however, only as to factual allegations. The court need not accept as true Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the well-pled facts must be sufficient to "raise a right to relief above the speculative level," such that the asserted claim is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 546–47. Under the *Twombly/Iqbal* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In addition, the law is well established that a district court may appropriately consider documents that are part of an administrative record without converting a motion to dismiss into one for summary judgment. *Weldon v. Warren Cnty. Child. Servs.*, 1:12-CV-279-HJW, 2012 WL 5511070 (S.D. Ohio Nov. 14, 2012) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88–89 (6th Cir. 1997) (documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 348 (6th Cir. 2002) (courts may take judicial notice of orders issued by administrative agencies, such as the EEOC, pursuant to their delegated authority).

## III.   LAW AND ANALYSIS

CSX moves to dismiss Janik's Complaint for failure to state a claim under Rule 12(b)(6). Doc. 15. CSX's argues strenuously that the common law defenses of waiver and laches should apply to FRSA claims and that these affirmative defenses limit a plaintiff's right to file a "kick-out" action in federal court. Doc. 14, PageID 260–64. Janik, on the other hand, contends that his statutory right is not subject to such common law defenses. Doc. 17, PageID 579–81. The Court agrees.

### A.   Absent Bad Faith, Janik's Statutory Kick-Out Right Does Not Expire Unless the Secretary of Labor Has Issued a Final Decision.

In this case, CSX presents a novel legal theory with respect to claims asserted under 49 U.S.C. § 20109(d)(3) by Janik. Fundamentally, however, that section provides in relevant part that:

> [I]f the Secretary of Labor has not issued a final decision within 210 days after filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States . . . .

5

49 U.S.C. § 20109(d)(3). Congress prescribes under the plain text of § 20109(d)(3) the right of a railroad employee or claimant to file a kick-out lawsuit whenever the Secretary of Labor has delayed by 210 days issuing a final decision and such delay is not due to the claimant's bad faith. *Id.*

Here, CSX relies upon a single case in which a court applied waiver and laches to limit a claimant's kick-out right.[1] *See Henin v. Soo Line R.R Co.*, No. CV 19-336 (PAM/BRT), 2021 WL 2417709 (D. Minn. June 14, 2021). The Court further notes, however, that until *Henin*, courts routinely found that the plain language of § 20109(d)(3) permitted employees to move through several levels of administrative review before acting on their right to seek *de novo* review in federal court. *See Gunderson v. BNSF Ry. Co.*, 29 F. Supp.3d 1259,1262–64 (D. Minn. 2014) (collecting cases).

In *Henin*, the defendant sought summary judgment from the ALJ in October 2017 after four months of discovery. *Henin*, 2021 WL 2417709, at *2. After the ALJ granted summary judgment in January 2019, the plaintiff appealed the decision one week late (which was ultimately accepted by the ARB on equitable grounds) and filed his federal lawsuit under the FRSA kick-out provision. *Id.* The defendant then moved to dismiss the plaintiff's federal lawsuit based on the doctrines of waiver and laches due to the prolonged litigation history in administrative forums. *Id.*

The *Henin* court noted that "waiver is the intentional relinquishment of a known right" and "[t]he elements of the claim are the party's knowledge of the right and intent to waive it."

---

[1] CSX also cites *Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261 (6th Cir. 2015), for the proposition that "when a party fails to timely exercise his right to pursue a claim in a different forum, he waives the right to do so." Doc. 14, PageID 260. However, *Gunn* is distinguishable from this case because *Gunn* involved waiver of a privately negotiated contractual right to arbitrate, not a statutory right created by congress to *de novo* review by a federal court. *Id.* at 263.

*Id.* at *3. The court determined that Henin had waived his statutory right to litigate in federal court where, despite being on notice of the right to file a federal action, he did not file his federal complaint until three years after he could have filed his kick-out action. *Id.* In making this first-of-its-kind finding, the court relied on *dicta* from the Eighth Circuit which stated that an FRSA plaintiff does not have "an absolute right to file a kick-out de novo action" in finding that the doctrines of waiver and laches applied to the plaintiff's kick-out suit. *Id.* (quoting *Gunderson v. BNSF Ry. Co.*, 850 F.3d 962, 971–72 (D. Minn. 2017)).

Post-*Henin*, this Court is not aware of any other court dismissing an FRSA kick-out lawsuit based on waiver or laches and our Circuit has yet to address the issue. However, in a recent decision the district court for the Northern District of Ohio denied a motion to dismiss, concerning an FRSA kick-out suit, based on the doctrines of waiver and laches. *See Gasiorowski-Watts v. CSX Transp., Inc.*, No. 1:23 CV 1043, 2023 WL 7194898, at *2–5 (N.D. Ohio Nov. 1, 2023); *see also Chamberlin v. BNSF Ry. Co.*, No. 22-CV-00005-RS, 2022 WL 717818, at *2 (N.D. Cal. Mar. 10, 2022) (denying a motion to dismiss an FRSA kick-out lawsuit based on the defenses of waiver and laches because the defendant had presented "no controlling or clear authority that the statutory 'kickout' right is subject to waiver. Even assuming it is, and/or that laches can apply in some instances, however, waiver and laches are both defenses, and are generally fact-intensive and ill-suited for resolution at the pleading stage"). This should come as no surprise to CSX, given that the defendant in *Gasiorowski-Watts* happens also to be the same as the defendant in this case—CSX.

Like the Northern District of Ohio, this Court declines to follow the outlier opinion and rationale expressed in *Henin*. Congress has established that an FRSA plaintiff has an absolute right to file a kick-out lawsuit in district court whenever the Secretary of Labor has

not issued a final decision within 210 days after filing of the administrative complaint—absent, of course, any evidence of bad faith delay on the part of the employee.  49 U.S.C. § 20109(d)(3). In other words, Congress did not include other statutory restrictions or prohibitions preventing a claimant from exercising the right to file a kick-out lawsuit other than for delay "due to the bad faith of the employee."

Here, CSX does not even argue that Janik engaged in any form of bad faith delay. Rather, CSX contends that because Janik only sought to invoke this Court's jurisdiction *after* the 210-day accrual period had passed and *after* CSX filed a motion for summary judgment, Janik has waived his kick-out right to file suit in district court. Doc. 14, PageID 250. In essence, CSX would like this Court to engage in a line-drawing exercise to determine when a claimant has waited too long to exercise their statutory right. But Congress already has drawn that line. An employee's right to pursue a kick-out lawsuit expires once a final decision by the Secretary of Labor (or their proxy) has been issued. The Court therefore declines CSX's invitation to encroach upon the legislative function and, under the guise of interpreting the statute, engage in the kind of line-drawing Congress has already done.[2] *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—

---

[2] Moreover, the remedies Congress afforded when drafting the FRSA "are sequential, not alternative." *Gasiorowski-Watts*, 2023 WL 7194898, at *4. Absent congressional instruction:

> [A] court should not bifurcate a plaintiff's knowledge of [their] right to file a kick-out federal lawsuit 210 days after the filing of her administrative complaint from [their] knowledge that FRSA permits the filing of a kick-out lawsuit up until the final decision of the Secretary of Labor has been issued.

*Id.* A plaintiff's knowledge of their statutory right of a kick-out suit after the 210-day accrual period does not necessarily equal intent to waive the right to kick-out if not exercised. A plaintiff may exercise that right until a final decision by the Secretary of Labor is made.

is to enforce it according to its terms."). Here, there is no valid justification for this Court to depart from the plain meaning of the language of FRSA and adopt another interpretation Congress may well not have intended.

**B.      CSX's Common Law Defenses Are Inapplicable to Janik's Claim.**

Lastly, it has long been the case that waiver of a legal right must be intentional with full knowledge of all the facts. *QSI-Fostoria D.C., LLC v. GE Cap. Bus. Asset Funding Corp.*, 389 F. App'x 480, 487 (6th Cir. 2010); *see also Henin*, 2021 WL 2417709, at *3 ("The elements of waiver are the party's knowledge of the right and intent to waive it."). Viewing the facts most favorable to the plaintiff, it is clear from the current record that Janik did not intend to waive his statutory right when his administrative appeal of the ALJ's order, over which he had no control, continued to pend beyond the 210-day accrual period without a decision from the ARB or Secretary of Labor. Based upon the clear language of the statute and the virtually unanimous case law, the FRSA permitted Janik to file his kick-out action at any time before the final decision of the Secretary of Labor—which in this instance has still yet to occur. In sum, CSX has failed to prove that Janik intentionally waived his statutory kick-out right to sue in district court—even with the passing of 1,208 days from the filing of the administrative complaint.

For similar reasons the Court declines to apply the doctrine of laches at the pleading stage. As previously stated, "[e]ven assuming . . . laches can apply [to FRSA kick-out actions] in some instances, . . . waiver and laches are both defenses, and are generally fact-intensive and ill-suited for resolution at the pleading stage." *Chamberlin*, 2022 WL 717818, at *2. Absent any controlling authority indicating laches is applicable to FRSA kick-out actions, the Court declines to apply the defense at this early stage of the proceedings.

Accordingly, CSX's Motion to Dismiss on the theory that the doctrines of waiver or laches applies is **DENIED**.

## IV.    CONCLUSION

For the reasons stated, the Court **DENIES** Defendant CSX Transportation, Inc.'s Motion to Dismiss (Doc. 15).

**SO ORDERED**

July 23, 2024

Jeffery P. Hopkins
United States District Judge